UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY NOEL                                                                                      PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:17-CV-203-DPJ-FKB

WAL-MART STORES, INC., ET AL.                                                          DEFENDANTS

ORDER

Defendant Wal-Mart Stores, Inc., ("Wal-Mart")[1] moved for summary judgment [27] in this malicious-prosecution case brought by former employee Plaintiff Gregory Noel. For the following reasons, the Court grants in part and denies in part Wal-Mart's motion; Noel's malicious-prosecution claim will proceed, but his claim for punitive damages will not.

I.   Background

This case relates to alleged embezzlement by Gregory Noel, a former Wal-Mart employee. Wal-Mart hired Noel as an overnight maintenance associate at its Clinton, Mississippi, store in April 2015. A few months later, on June 26, 2015, Noel purchased several items in a transaction that was recorded by two video cameras, one directly above the cash register, and the other capturing a wider shot of the department where Noel made his purchases. There is no dispute that the cashier, Eric Redmond, "hand-keyed" the purchases, meaning he entered the prices by hand rather than scanning the items. This violated Wal-Mart policy.

Redmond was already on Wal-Mart's radar for expected theft. So at some point after this incident, Wal-Mart's asset-protection manager Alexandria Brookins reviewed the video footage.

---

[1] Defendant Wal-Mart Stores, Inc., says that the proper party to this suit is Wal-Mart Stores East, LP. Plaintiff Gregory Noel does not address this in his response, so, without determining the proper party, the Court will refer to both Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, collectively as "Wal-Mart."

She also pulled the transaction history from that night and discovered that Noel paid $5.00 for his purchases—$1.42 less than he should have. Pl.'s Mem. [34] at 2. Based on this evidence, Brookins reported Noel's alleged theft, and he was charged with embezzlement. The charge was later dropped after Noel prevailed at trial.

Aggrieved, Noel sued Wal-Mart in state court alleging false arrest, malicious prosecution, intentional infliction of emotional distress, false imprisonment, and defamation. *See* Compl. [1-2]. Wal-Mart promptly removed the action to federal court based on diversity jurisdiction and, after discovery, requested summary judgment. *See* Notice of Removal [1]; Def.'s Mots. [27, 30].[2] Noel responded to Wal-Mart's motion, expressly conceding his false-arrest, false-imprisonment, and intentional-infliction-of-emotional-distress claims. *See* Pl.'s Mem. [34] at 7. The Court has subject-matter jurisdiction and will now consider Noel's remaining claims for defamation and malicious prosecution.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

---

[2] On January 24, 2018, Wal-Mart supplemented its summary judgment motion [27] with Alexandria Brookins affidavit. Def.'s Mot. [30].

believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

Wal-Mart seeks summary judgment on Noel's defamation and malicious-prosecution claims. *See* Def.'s Mem. [28] at 4–7, 10–12. Regarding defamation, Wal-Mart says the statements Noel relied upon are "privileged and, as such, not actionable." *Id.* at 10 (citing *Richard v. Supervalu, Inc.*, 974 So. 2d 944, 949–50 (Miss. Ct. App. 2008)). Noel failed to address this argument, focusing instead on malicious prosecution. "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Criner v. Texas–New Mexico Power Co.*, 470 F. App'x 364, 368 (5th Cir. 2012) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)). Therefore, the Court finds that Noel has waived his defamation claim.

Turning to Noel's malicious-prosecution claim, he must show a genuine issue of material fact as to each of the following elements:

3

(1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of prosecution.

*Owens v. Kroger Co.*, 430 So. 2d 843, 846 (Miss. 1983). Of these, the parties dispute whether Noel has created questions of material fact regarding probable cause and malice.

    A.    Probable Cause

"To determine the existence of probable cause, courts look to (1) a subjective element—an honest belief in the guilt of the person accused, and (2) an objective element—reasonable grounds for such beliefs." *Nassar v. Concordia Rod & Gun Club, Inc.*, 682 So. 2d 1035, 1042 (Miss. 1996) (internal citations omitted). Here, Noel acknowledges that Wal-Mart may have possessed an honest belief that he committed a crime. Pl.'s Mem. [34] at 5. He therefore focuses on the objective test, saying Wal-Mart lacked reasonable grounds because it never interviewed him or Redmond.

Under Mississippi law, probable cause is lacking if based on "unfounded suspicion and conjecture." *Nassar*, 682 So. 2d at 1042. In addition, "[w]here a reasonable person would investigate further prior to instituting a proceeding, the failure to do so indicates a lack of probable cause." *Junior Food Stores Inc. v. Rice*, 671 So. 2d 67, 74 (Miss. 1996). Finally, "[w]hen the facts are disputed, it is a jury question as to whether or not probable cause existed to initiate the proceedings. When not in dispute, the court must determine whether or not such probable cause existed." *Stephens v. Kemco Foods, Inc.*, 928 So. 2d 226, 234 (Miss. Ct. App. 2006). In this case, Wal-Mart says the issue can be decided as a matter of law, whereas Noel asserts it is a jury question.

Whether a reasonable person would have investigated further is a close call given what Wal-Mart caught on tape. The surveillance footage shows Redmond hand-keying Noel's items

4

in Noel's presence; hand-keying violates Wal-Mart policy. And before the hand-keying concludes, Noel appears to give Redmond a five-dollar bill, though his ultimate purchase cost $6.42.

While these activities are certainly suspicious, the Court cannot find that "only one conclusion may reasonably be drawn from the evidence." *Owens*, 430 So. 2d at 848 (internal citation omitted). As noted, Noel's payment was just $1.42 short, so there may have been some explanation. Based on that, a reasonable jury could find that Wal-Mart should have at least interviewed either Redmond or Noel before accusing Noel of embezzlement. Indeed those Mississippi cases finding probable cause generally involve more significant investigation than occurred here. *See Perkins v. Wal-Mart Stores, Inc.*, 46 So. 3d 839, 845–46 (Miss. Ct. App. 2010) (holding under similar facts that probable cause existed because co-defendant gave recorded statement implicating plaintiff and Wal-Mart asked law enforcement if evidence was sufficient to file charges); *Coleman v. Smith*, 914 So. 2d 807, 812 (Miss. Ct. App. 2005) (finding probable cause because surveillance tapes of suspicious activity were confirmed by two participants in the scheme and a third person); *Van v. Grand Casinos of Miss., Inc.*, 767 So. 2d 1014, 1020–24 (Miss. 2000) (finding probable cause in "shuffling scheme" at casino where plaintiffs/employees were caught on video, plaintiffs' parents were at the table when the fraudulent shuffle occurred, and the casino investigators spoke with local police department, gaming commission, and another casino investigator regarding a similar scam before bringing charges); *cf. Nassar*, 682 So. 2d at 1046 (holding as matter of law that probable cause did not exist where defendant had "opportunity and information . . . available" to further investigate before bringing charges).

Further investigation into a video-recorded incident may not always be necessary, but on this record, there is at least a question of fact. Therefore, the Court holds that a question of fact exists whether Wal-Mart lacked probable cause in accusing Noel of embezzlement.

    B.    Malice

The parties also dispute whether Wal-Mart acted with malice. According to Noel, this presents a jury question because the absence of probable cause is circumstantial evidence of malice. *See* Pl.'s Mem. [34] at 4–5. The Court agrees. *See Owens*, 430 So. 2d at 848 ("If the jury found there was no probable cause for the prosecution, Owens likewise had the right for the jury to pass upon the question of malice.").

    C.    Punitive Damages

Finally, Wal-Mart seeks partial summary judgment on punitive damages. In Mississippi, punitive damages are statutory and

> may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
>
> . . . .
>
> The court shall determine whether the issue of punitive damages may be submitted to the trier of fact.

Miss. Code. Ann. § 11-1-65 (1)(a), (d).

Here, Wal-Mart argues that Noel cannot show "clear and convincing evidence" of malice. Def.'s Mem. [28] at 11 (quoting Miss. Code Ann. § 11-1-65). Noel states, however, that since he has shown sufficient proof of malice on his malicious-prosecution claim, the jury should likewise hear his punitive-damages claim. Pl.'s Resp. [34] at 8 (citing *Royal Oil Co., Inc. v. Wells*, 500 So. 2d 439, 450 (Miss. 1986)).

6

Noel premises this argument on cases decided before section 11-1-65's enactment. But since the statute passed, the Mississippi Supreme Court has twice held that punitive-damages instructions are not automatic in malicious-prosecution cases. *See Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 714 (Miss. 2001) (upholding jury verdict on malicious prosecution but finding insufficient evidence to warrant punitive-damages instruction); *Nassar*, 682 So. 2d at 1046 (overturning summary judgment for defendant on malicious prosecution but finding "the issue of punitive damages shall not be considered [on remand]").

Accordingly, the Court must determine whether Noel has met his burden under Federal Rule of Civil Procedure 56(c)(1) by presenting record evidence from which a reasonable jury could find—by clear and convincing evidence—that Wal-Mart acted with malice. Noel has not made that showing. First, he failed to rebut Wal-Mart's assertions that it acted with subjective belief of his guilt and had no animosity toward him. Second, Noel hangs his punitive-damages hat on the existence of a jury question on probable cause. While that jury question does provide circumstantial evidence of malice, it is not clear and convincing evidence of malice, especially when the existence of probable cause, *vel non*, is so close. Therefore, the Court holds that punitive damages are unavailable in this case.

IV.   Conclusion

The Court has considered all parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant Wal-Mart's Motions for Summary Judgment [27, 30] are granted in part and denied in part. Noel's malicious-prosecution claim will proceed to trial without an instruction on punitive damages.

**SO ORDERED AND ADJUDGED** this the 22nd day of March, 2018.

          s/ *Daniel P. Jordan III*
          CHIEF UNITED STATES DISTRICT JUDGE